**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Nick Barthel, Esq. (SBN: 319105)
nicholas@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**KAZEROUNI LAW GROUP, APC**
Yana Hart, Esq. (SBN: 306499)
yana@kazlg.com
David J. McGlothlin, Esq. (SBN: 253265)
david@kazlg.com
2221 Camino Del Rio S, Ste 101
San Diego, CA
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **RALPH MILAN, Individually and On Behalf of All Others Similarly Situated,**<br><br>Plaintiffs,<br><br>v.<br><br>**BRAND NEW ENERGY LLC D/B/A EXTREME PRODUCTS GROUP,**<br><br>Defendant. | **Case No.:  8:20-cv-00644**<br><br>**CLASS ACTION COMPLAINT FOR VIOLATIONS OF:**<br><br>1) **CONSUMER LEGAL REMEDIES ACT, CAL. CIVIL CODE §§ 1750, *ET SEQ.*;**<br>2) **FALSE ADVERTISING LAW, CAL. BUS. & PROF.  §§ 17500, *ET SEQ.*;**<br>3) **UNFAIR COMPETITION LAW, CAL. BUS. & PROF.  §§ 17200, *ET SEQ.*;**<br>4) **NEGLIGENT MISREPRESENTATION; AND**<br>5) **INTENTIONAL MISREPRESENTATION.**<br><br>**[JURY TRIAL DEMANDED]** |

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

### INTRODUCTION

1. Plaintiff Ralph Milan ("Milan" or "Plaintiff") brings this Class Action Complaint to challenge the deceptive advertising and business practices of Defendant Brand New Energy LLC d/b/a Extreme Products Group ("EPG" or "Defendant") with regard to Defendant's false and misleading promotion of its purported "dietary supplement" product. Based on such false and misleading advertisements, Plaintiff and others similarly situated purchased Defendant's mislabeled product.

2. Plaintiff purchased Ostalean (the "Product"), which manufactured and labelled by Defendant, which Defendant advertised as being safe and effective for human consumption as a dietary supplement. Defendant conveys this to the consumer through the "Supplement Facts" panel on the Product.

3. Similarly, EPG instructs the consumer that the products are to be ingested orally. In doing so, EPG has conveyed to the consumer that its products are approved by the Food and Drug Administration ("FDA") for human consumption.

4. However, the Product contains Ostarine which is a Selective Androgen Receptor Modulators ("SARMs")

5. The FDA has warned that products similar to the Product are not dietary supplements and are not safe for human consumption. Specifically, the FDA has stated that SARMs are dangerous ingredients that can cause serious safety concerns such as increased risk of heart attack or stroke and life threating reactions like liver damage.

6. The Product's inclusion of SARMs it is not a dietary supplement, but instead an unapproved drug that has not been reviewed by the FDA for safety and effectiveness.

//

//

**CLASS ACTION COMPLAINT**

7. Therefore, Defendant has misled consumers into believing that the Product was approved for human consumption and that it was a dietary supplement, when in fact it was a dangerous drug not approved by the FDA.

8. The introduction of new drugs lacking FDA approval is a violation of 21 U.S.C. §§ 331(d) and 355(a).

9. Consequently, Defendant does not comply with federal and parallel state regulations. The Product's label misleads consumers into believing the Product is a dietary supplement safe for human consumption as a dietary supplement. The misrepresentations are not only harmful to consumers, but also allow Defendant to unfairly increase its sales and capture market shares from its competitors.

10. Plaintiff makes these allegations as follows upon personal knowledge as to Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

11. Defendant's nationwide sale and advertising of the deceptively misbranded Product constitutes violations of California's Unfair Competition Law ("UCL"), Bus. & Prof. Code §§ 17200, *et seq.* through violations of: (1) California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code §§ 1750, *et seq.*; (2) California's False Advertising Law ("FAL"), Bus. & Prof. Code §§ 17500, *et seq.*; (3) negligent misrepresentation; and (4) intentional misrepresentation.

12. This conduct caused Plaintiff and others similarly situated damages, and requires restitution and injunctive relief to remedy and prevent further harm.

13. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of the named Defendant.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

## JURISDICTION AND VENUE

14. This Court has jurisdiction over this matter pursuant to the Class Action Fairness Act (CAFA) because the amount in controversy in this matter exceeds $5,000,000.00[1] as to all putative Class members, inclusive of attorneys' fees and costs, and injunctive relief. *See* 28 U.S.C. § 1332(d).

15. This Court has diversity jurisdiction under 28 U.S.C. § 1332 because at least one class member is a citizen of a state other than California, and Defendant is a corporation organized and existing under the laws of the California.

16. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the State of California, and within the County of Orange; (ii) the conduct complained of herein occurred within California; and, (iii) many of the acts and transactions giving rise to this action occurred in California because Defendant:

   (a) is authorized to conduct business in California and has intentionally availed itself of the laws and markets within this state;

   (b) does substantial business within this state;

   (c) are subject to personal jurisdiction because it has availed itself of the laws and markets within this County; and,

   (d) the harm to Plaintiff occurred within this County.

## PARTIES

17. Plaintiff Milan is a natural person residing in the City of Santa Ana, County of Orange, State of California.

---

[1] On information and belief, Defendant sells its Product online throughout California. Based upon the advertised price of Defendant's Product and their statewide availability, Plaintiff is informed, believes, and thereon alleges the class damages exceed the $5,000,000 threshold as set by 28 U.S.C. § 1332(d).

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

18. Upon information and belief, Defendant is a corporation that is organized and exists under the laws of the State of California, with its principal place of business in Burbank, California.

19. Defendant manufactures and/or distributes various products, including purportedly consumable consumer packaged goods and purportedly dietary supplements. Defendant conducts extensive business through Internet sales and enjoys wide retail distribution at numerous stores within the United States, including California.

## FACTUAL ALLEGATIONS

20. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

21. On or about April 28, 2016, Plaintiff Milan purchased Defendant's Product from online retailer a1supplements.com for a total amount of $49.95. Defendant's labelling and advertisement of the Product was that it was a dietary supplement.

22. Defendant manufactures, markets, and sells the Product online through its own website and through other online retailers.

23. On its label and related advertising materials, the Product is directly advertised by Defendant as being a dietary supplement, suitable for human consumption.

24. At the time Plaintiff purchased Defendant's Product, Plaintiff believed and relied upon the representations made on Defendant's Product's label and packaging that the Product was a dietary supplement that was safe for human consumption and that it could be orally consumed daily. Plaintiff reasonably believed that the Product was safe to ingest and was safe.

25. On information and belief, Defendant's Product's label, packaging, and advertising materials are prepared and/or approved by Defendant and/or its agents.

//

//

**CLASS ACTION COMPLAINT**

26. As mentioned in detail above, Defendant's Product contains a dangerous SARM. It is thus deemed unsafe and ineffective for any claimed uses, and in fact is not a dietary supplement, but instead a new and unapproved drug.

27. Defendant knew, or in the exercise of reasonable care, should have known that the Product was not approved for human consumption and was dangerous to consumer's health.

28. As a consequence of Defendant's unfair and deceptive advertising and manufacturing practices, Plaintiff and other consumers similarly situated purchased and overpaid for Defendant's Product under the false impression that the Product was a dietary supplement that was safe for human consumption.

29. Plaintiff and other consumers similarly situated in California purchased and overpaid for Defendant's Product under the false impression that the Product was safe and approved for human consumption, when in reality the Product was dangerous and not approved by the FDA for human consumption.

30. If Plaintiff had been aware that the Product was unsafe and ineffective for the claimed benefits, Plaintiff would have paid less for it, or would have purchased an entirely different product. In other words, Plaintiff would not have purchased Defendant's Product but for the representations Defendant made.

31. Plaintiff and others similarly situated were exposed to and relied upon the same material misrepresentations made on Defendant's Product's labels and website, where Defendant sold, and currently sells, its Product to consumers throughout the State of California.

32. As a result of Defendant's false and misleading statements and failure to disclose, Plaintiff and others similarly situated consumers purchased thousands, if not tens or hundreds of thousands, of units of Defendant's Product, and have suffered, and continue to suffer, injury in fact through the loss of money and/or property.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

33. Included within the demands of this Complaint are any other products manufactured by Defendant, which contain any kind of SARMs.

34. This action seeks, among other things, equitable and injunctive relief, restitution of all amounts illegally obtained, and disgorgement of any and all ill-gotten gains as a result of the misconduct alleged herein.

<u>**CLASS ACTION ALLEGATIONS**</u>

35. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Plaintiff brings this action individually and on behalf of all others similarly situated against Defendant, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

37. Subject to additional information obtained through further investigation and/or discovery, the proposed class (the "Class") consists of:

> All persons within the United States who purchased one of Defendant's products, including the Product, which were labeled as a dietary supplement, but in fact contained a SARM within the four years prior preceding the filing of this Complaint.

38. Excluded from the Class is Defendant and any of its officers, directors, and employees, or anyone who purchased Defendant's Product for the purpose of resale. Plaintiff reserves the right to modify or amend the Class definition before the Court determines whether certification is appropriate.

39. The "Class Period" means four years prior to the filing of the Complaint in this action.

40. **Ascertainability**. The members of the Class are readily ascertainable from Defendant's records and/or Defendant's agent's records of retail and online sales, as well as through public notice.

41. **Numerosity**. The members of the Class are so numerous that their individual joinder is impracticable. Plaintiff is informed and believes that the Product is

sold online throughout the country, on that basis, Plaintiff alleges that the putative Class consists of hundreds, if not thousands of members.

42. **Existence and Predominance of Common Questions of Law and Fact**. Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members. All members of the Class have been subject to the same conduct and their claims are based on the same standardized marketing, advertisements and promotions. The common legal and factual questions include, but are not limited to, the following:

   a. Whether the Product as manufactured was safe and effective;

   b. Whether the Product contained a SARM;

   c. Whether the Product was advertised as being consumable and as being a dietary supplement;

   d. Whether the Product was actually a "new drug" that was not approved by the FDA;

   e. Whether the Product was safe for human consumption;

   f. Whether Defendant's claims, as alleged herein, are untrue, misleading, and/or reasonably likely to deceive the average consumer;

   g. Whether Defendant's conduct violates California Civil Code §§ 1750, *et seq.*;

   h. Whether Defendant's advertising is false, untrue, or misleading within the meaning of California Business & Professions Code §§ 17500, *et seq.*;

   i. Whether Defendant's conduct is an unfair, fraudulent, or unlawful act or practice within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

j.   Whether Defendant's advertising is unfair, deceptive, untrue or misleading within the meaning of California Business & Professions Code §§ 17200, *et seq.*;

k.   Whether Defendant acted negligently or intentionally in making the misrepresentations contained on the Product's label and Defendant's website;

l.   Whether Defendant, through its conduct, received money that, in equity and good conscience, belongs to the Plaintiff and members of the Class;

m.   Whether the Plaintiff and the putative Class members are entitled to equitable relief, including but not limited to restitution and/or disgorgement of ill-gotten gains; and

n.   Whether the Plaintiff and the putative Class members are entitled to injunctive relief as sought herein.

43.   **Typicality**.  Plaintiff's claims are typical of the claims of the members of the Class in that the Plaintiff is a member of the Class that the Plaintiff seeks to represent. Similar to members of the putative Class, Plaintiff purchased the Product from Defendant after exposure to the same material misrepresentations appearing on the Product's label. Plaintiff also received a Product that was not a dietary supplement, but instead an unapproved new drug containing a dangerous SARM. Plaintiff is advancing the same claims and legal theories on behalf of himself and all absent members of the Class. Defendant has no defenses unique to the Plaintiff.

44.   **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the putative Class. Plaintiff has retained counsel experienced in consumer protection law, including class actions, and specifically, false and deceptive advertising. Plaintiff has no adverse or antagonistic interest to those in the Class and will fairly and adequately protect

the interests of the Class. Plaintiff's attorneys are aware of no interests adverse or antagonistic to those of Plaintiff and proposed Class.

45. **Superiority**. A class action is superior to all other available means for the fair and efficient adjudication of this controversy. Individualized litigation would create the danger of inconsistent and/or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system. The damages or other financial detriment suffered by individual Class members may be relatively small compared to the burden and expense that would be entailed by individual litigation of the claims against the Defendant. The injury suffered by each individual member of the proposed class is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the proposed Class to individually redress effectively the wrongs to them. Even if the members of the proposed Class could afford such litigation, the court system could not. Individualized litigation of the complex legal and factual issues of such a case increases the delay and expense to all parties, including the court. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Therefore, a class action is maintainable pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3) and/or (b)(2).

46. Unless the Class is certified, Defendant will retain monies received as a result of Defendant's unlawful and deceptive conduct alleged herein. Unless a class-wide injunction is issued, Defendant will also likely continue to, or allow its resellers to, advertise, market, promote, and sell the Class Product in an unlawful and misleading manner, and members of the Class will continue to be misled, harmed, and denied their rights under California law.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

47. Further, Defendant has acted or refused to act on grounds that are generally applicable to the class so that declaratory and injunctive relief is appropriate to the Class as a whole, making class certification appropriate pursuant to Fed. R. Civ. P. 23(b)(2).

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW ("UCL")
### BUS. & PROF. CODE §§ 17200, *ET SEQ.*

48. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

49. Plaintiff and Defendant are each a "person" as defined by California Business & Professions Code § 17201. California Business & Professions Code § 17204 authorizes a private right of action on both an individual and representative basis.

50. "Unfair competition" is defined by Business and Professions Code § 17200 as encompassing several types of business "wrongs," including: (1) an "unlawful" business act or practice, (2) an "unfair" business act or practice, (3) a "fraudulent" business act or practice, and (4) "unfair, deceptive, untrue or misleading advertising." The definitions in § 17200 are drafted in the disjunctive, meaning that each of these "wrongs" operates independently from the others.

51. By and through Defendant's conduct alleged in further detail above and herein, Defendant engaged in conduct which constitutes unlawful, unfair, and/or fraudulent business practices, and unfair, deceptive, untrue or misleading advertising, as prohibited by California's UCL.

### A. "UNLAWFUL" PRONG

52. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition, including those described above, by engaging in a pattern of "unlawful"

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

**CLASS ACTION COMPLAINT**

business practices, within the meaning of Bus. & Prof. Code §§ 17200 *et seq*., by marketing, manufacturing, and distributing Defendant's Product in violation of California's Consumers Legal Remedies Act, Civil Code § 1759, *et seq*. and California's False Advertising Law, Business & Professions Code §§ 17500, *et seq*., as well as other Federal regulations.

53. Defendant further violated California's Health & Safety Code § 110660, which states that "any food is misbranded if its labeling is false or misleading in any particular." Section 110660 is a part of California's Sherman Food, Drug and Cosmetic law, California Health & Safety Code § 109875 (the "Sherman law").

54. Claims under state law based on the deceptive labeling of a food product is expressly permitted when the statute to be enforced imposes legal obligations identical to that of the Federal Food, Drug, and Cosmetic Act ("FDCA"), including FDA regulations concerning naming and labeling food products. *See e.g., In re Farm Raised Salmon Cases*, 22 Cal. 4th 1077, 1094-95 (2008). Plaintiff's claim that Defendant violated the FAL by labeling its Product in a false or misleading way imposes legal obligations identical to 21 U.S.C. § 343(a) of the FDCA, which states that, "a food shall be deemed to be misbranded . . . [i]f (1) its labeling is false or misleading in any particular[.]" Further, section 343(a) of the FDCA is not subject to the express preemption provision set forth in 21 U.S.C. § 343-1 of the FDCA.

55. Defendant violated the above-referenced statutes by falsely representing that its Product was a dietary supplement containing consumable ingredients, when in fact the Product contained a SARM, making the Product not fit for human consumption and actually dangerous to consumers.

56. By advertising, promoting, manufacturing, and selling its Product in violation of those California laws, Defendant engaged in a pattern of "unlawful" business practices within the meaning of California's UCL.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

57. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant has committed acts of unfair competition as prohibited by Bus. & Prof. Code §§ 17200, *et seq*.

58. Had Plaintiff and the putative class members been informed that Defendant's Product did not in fact contain ingredients suitable for human consumption, they would not have purchased the Product, would have paid less for it, or would have purchased an entirely different product. In other words, Defendant earned the business of Plaintiff and the putative Class members by using deceptive advertising, which placed market competitors at a disadvantage. Furthermore, Plaintiff and the putative Class members were harmed in that they paid a price premium for the Product.

## C. "FRAUDULENT" PRONG

59. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant engaged in acts of unfair competition, including those described above and herein, in violation of Bus. & Prof. Code §§ 17200, *et seq*., by engaging in a pattern of "fraudulent" business practices within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., by falsely advertising its Product as containing, ingredients suitable for human consumption, when, in fact, the Product do not contain such ingredients, but instead contained an ingredient that was an unsafe food additive making the Product not a "dietary supplement" fit for human consumption.

60. Plaintiff reserves the right to allege further conduct that constitutes other fraudulent business acts or practices. Such conduct is ongoing and continues to this date.

## D. "UNFAIR, DECEPTIVE, UNTRUE OR MISLEADING ADVERTISING" PRONG

61. Defendant's advertising is unfair, deceptive, untrue, and/or misleading within the meaning of Bus. & Prof. Code §§ 17200, *et seq*., in that consumers are led

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

to believe that Defendant's Product contains ingredients suitable for human consumption and that the Product is a dietary supplement, when, in fact, the Product contains dangerous ingredients; and, instead the Product was unsafe for human consumption as it is an unapproved drug.

62. Plaintiff and other such reasonable consumers are likely to be, and were, deceived and misled by Defendant's advertising of its Product, as containing a ingredient safe to consume consistent with a dietary supplement.

63. As a direct and proximate result of Defendant's unlawful, unfair, and fraudulent conduct described herein, Defendant received and continues to receive an unfair competitive advantage and unearned commercial benefits at the expense of its competitors and the public, who unwittingly provided money to Defendant based on Defendant's misleading representations.

64. Plaintiff and the putative Class members suffered an injury in fact because Plaintiff's money was taken by Defendant as a result of Defendant's false representations as set forth on the Product's label and online.

65. Such acts and omissions by Defendant are unlawful and/or unfair and/or fraudulent, and constitute multiple violations of California's UCL. Plaintiff reserves the right to identify additional violations by Defendant as may be established through discovery.

66. In prosecuting this action for the enforcement of important rights affecting the public interest, Plaintiff seeks recovery of attorneys' fees, which reward is available to a prevailing plaintiff in a class action such as this.

### SECOND CAUSE OF ACTION FOR
### VIOLATIONS OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT
### CAL. CIV. CODE §§ 1750, *ET SEQ.*

67. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

**CLASS ACTION COMPLAINT**

68. California Civil Code Section 1750, *et seq*., entitled the Consumers Legal Remedies Act (hereinafter "CLRA"), provides a list of "unfair or deceptive" practices in a "transaction" relating to the sale of "goods" or "services" to a "consumer." The Legislature's intent in promulgating the CLRA is expressed in Civil Code Section 1760, which provides, *inter alia*, that its terms are to be:

> Construed liberally and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection.

69. Defendant's Product constitutes a "good" as defined pursuant to Civil Code Section 1761(a).

70. Plaintiff and the putative Class members are each a "consumer" as defined pursuant to Civil Code Section 1761(d).

71. Plaintiff and each of the putative Class members' purchase of Defendant's Product constitutes a "transaction" as defined pursuant to Civil Code Section 1761(e).

72. Civil Code Section 1770(a)(2), (5), (7) and (9) provide that:

> The following unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer are unlawful:
>
> (2) [m]isrepresenting the source, sponsorship, approval, or certification of goods or services;
>
> (5) [r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have . . .;
>
> (7) [r]epresenting that goods or services are of a particular standard, quality, or grade . . . if they are of another; [and]
>
> (9) [a]dvertising goods or services with intent not to sell them as advertised."

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

73. Defendant violated Civil Code Section 1770(a)(2), (5), (7) and (9) by marketing and representing its Product was a dietary supplement containing consumable ingredients, when, in fact, the Product contained an unsafe SARM not making it a dietary supplement or consumable.

74. On information and belief, Defendant's violations of the CLRA, as set forth herein, were done with awareness of the fact that the conduct alleged was wrongful and was motivated solely by Defendant's self-interest, monetary gain, and increased profit. Plaintiff further alleges that Defendant committed these acts knowing the harm that would result to Plaintiff and Defendant engaged in such unfair and deceptive conduct notwithstanding such knowledge.

75. Plaintiff suffered an "injury in fact" because Plaintiff's money was taken by Defendant as a result of Defendant's false representations set forth on Defendant's actual Product label.

### THIRD CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAW ("FAL")
### BUS. & PROF. CODE §§ 17500, *ET SEQ.*

76. Plaintiff re-alleges and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

77. Plaintiff and Defendant are both "person[s]" as defined by California Business & Professions Code § 17506.

78. California Business & Professions Code § 17535 authorizes a private right of action on both an individual and representative basis.

79. Defendant states that its Product is a dietary supplement containing consumable ingredients, when, in fact, the Product contained unsafe ingredients, such as a SARM, which makes it not a dietary supplement but instead a new drug.

80. These misrepresentations, acts, and non-disclosures by Defendant constitute false and misleading advertising in violation of Business & Professions Code §§ 17500, *et seq.*

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

81. At all times relevant, Defendant's advertising and promotion of its Product were, and are, untrue, misleading, and likely to deceive the reasonable consumer and the public. In fact, Defendant did deceive Plaintiff and the putative Class members by representing that its Product was a dietary supplement containing consumable ingredients designed to support their health and well-being. When, in reality, Defendant knew that its Product contained a dangerous SARM, which was not FDA approved.

82. Defendant engaged in the false and/or misleading advertising and marketing of its Product, as alleged herein, with the intent to directly or indirectly induce consumers to purchase its Product, which Defendant knew, or had reason to know, was not safe, effective, and suitable for human consumption and could not be considered a dietary supplement.

83. Because Defendant knew or should have known that the representations and/or omissions alleged herein were untrue or misleading, Defendant acted in violation of California Business & Professions Code §§ 17500, *et seq.*

84. Had Defendant truthfully advertised its Product, Plaintiff and the putative Class members would not have purchased the Product, would have paid less for the Product, or would have purchased a different product from another manufacturer.

85. This false and misleading advertising of the Product by Defendant presents a continuing threat to consumers, as such conduct is ongoing to this day.

86. As a direct and proximate result of the aforementioned acts and omissions by Defendant, Defendant received and continues to hold monies rightfully belonging to Plaintiff and the putative Class members, who were led to purchase Defendant's Product during the Class Period.

//
//
//

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

87. Plaintiff repeats re-alleges, and incorporates by reference the above allegations as if fully stated herein.

88. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant represented to Plaintiff and others similarly situated, through product packaging and advertising materials, that Defendant's Product contained ingredients suitable for human consumption and the Product was a dietary supplement.

89. Defendant made these representations knowing, or having reason to know, that its Product contained was unsafe and not approved by the FDA for human consumption.

90. Defendant acted with the intent to induce the public, including Plaintiff and putative Class members, to purchase Defendant's Product.

91. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

92. At all times relevant, Defendant knew or should have known that such representations were untrue, and Defendant had no reasonable basis for believing the representations to be true.

93. As a proximate result of Defendant's negligent misrepresentations, Plaintiff and other consumers similarly situated were induced to purchase, purchase more of, or pay more for Defendant's Product due to the unlawful acts of Defendant, in an amount to be determined at trial, during the Class Period.

FIFTH CAUSE OF ACTION
INTENTIONAL MISREPRESENTATION

94. Plaintiff repeats, re-alleges, and incorporates herein by reference the above allegations as if fully stated herein.

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

95. Beginning at a date currently unknown and continuing to the time of the filing of this Complaint, Defendant intentionally represented to Plaintiff and others similarly situated, through the Product's packaging and advertising materials, that Defendant's Product contained ingredients suitable for human consumption and that its Product was a dietary supplement.

96. Defendant acted intentionally by willfully and purposefully printing a specific "Supplement Facts" label of Defendant's Product indicating to consumers that the Product was in fact a safe dietary supplement.

97. Because the Product contained a SARM, it was not approved by the FDA for sale as a dietary supplement, but was instead a new drug lacking FDA approval. Therefore, the Product does not have the benefits that Defendant advertises.

98. Defendant knew or had reason to know such representations were false, and continued to label its Product in a false or misleading way.

99. Defendant further knew that retailers were advertising its Product as containing ingredients suitable for consumption, because Defendant designed, manufactured, and affixed the product labeling to its Product before supplying the Product to the retailers.

100. Plaintiff and the putative Class members saw, believed, and relied upon Defendant's representations in making the decision to purchase Defendant's Product.

101. As a proximate result of Defendant's intentional misrepresentations, Plaintiff and the putative Class members were damaged in an amount to be determined at trial.

102. Plaintiff allege the "who, what, when, where, and how" of the alleged deception by Defendant as follows:

    i.    The "who" is Defendant;

    ii.    The "what" is the representation that the Product is a dietary supplement that is safe for human consumption;

iii. The "when" is the date Plaintiff purchased the Product, and the Class Period of four years prior to the filing of this Complaint;

iv. The "where" is in Defendant's product labeling, advertisements, and online marketing; and

v. The "how" is the allegation that Defendant did not disclose that its Product contained unsafe food additives, and thus is unsuitable for human consumption, unsafe, and ineffective.

103. By engaging in the acts described above, Defendant is guilty of malice, oppression, and fraud, and Plaintiff and the putative Class are therefore entitled to recover exemplary or punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests the Court grant Plaintiff and the putative Class members the following relief against Defendant:

- that this action be certified as a Class Action;
- that Plaintiff be appointed as the Class Representatives;
- that Plaintiff's attorneys be appointed as Class Counsel;
- that Defendant's wrongful conduct be adjudged and decreed to violate the consumer protection statutes raised herein;
- An order requiring imposition of a constructive trust and and/or disgorgement of Defendant's ill-gotten gains and to pay restitution to Plaintiff and all members of the Class and to restore to the Plaintiff and members of the class all funds acquired by means of any act or practice declared by this court to be an unlawful, fraudulent or unfair business act or practice, in violation of laws, statutes or regulations, or constituting unfair competition;
- Distribution of any monies recovered on behalf of members of the Class via fluid recovery or *cy pres* recovery were necessary and as applicable, to prevent Defendant from retaining the benefits of their wrongful conduct;

KAZEROUNI LAW GROUP, APC
245 FISCHER AVENUE, SUITE D1
COSTA MESA, CA 92626

- that Plaintiff and each of the other members of the Class recover the amounts by which Defendant has been unjustly enriched;
- A temporary, preliminary and/or permanent order for injunctive relief requiring Defendant to: (i) discontinue its false and/or misleading statement/s; and (ii) undertake an immediate public information campaign to inform members of the proposed class as to their prior practices;
- that Defendant be enjoined from continuing the wrongful conduct alleged herein and be required to comply with all applicable laws;
- Pre-judgment interests from the date of filing of this suit;
- that Plaintiff and each member of the putative Class recover their costs of suit.

### FIRST CAUSE OF ACTION FOR
### VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAW
### CAL. BUS. & PROF. CODE §§ 17200, *ET SEQ.*

- Restitution and injunctive relief pursuant to Bus. & Prof. Code § 17535; and
- recovery of reasonable attorneys' fees pursuant to, *inter alia*, California Code of Civil Procedure § 1021.5.

### TRIAL BY JURY

104. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.


Dated: April 2, 2020                    Respectfully submitted,

                                        **KAZEROUNI LAW GROUP, APC**

                                        By: *s/ Abbas Kazerounian*
                                              ABBAS KAZEROUNIAN, ESQ.
                                              NICHOLAS BARTHEL, ESQ.
                                              *Attorneys for Plaintiff*